**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greyhound Lines Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Viad Corporation,<br><br>        Defendant. | No. CV-15-01820-PHX-DGC<br><br>**ORDER** |

Plaintiff Greyhound Lines, Inc. seeks to compel production of certain documents that Defendant Viad Corporation has withheld as privileged. Doc. 54. The Court held a telephonic conference with the parties to discuss this issue. Doc. 56. As a result, Greyhound submitted for *in camera* review three representative documents from each of six disputed categories, and the parties provided a matrix setting forth their arguments on each category. Doc. 60. After reviewing the representative documents and the parties' arguments, the Court will grant Plaintiff's motion in part and deny it in part.

**I.     Legal Standard.**

   **A.     Attorney-Client Privilege.**

Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. This case includes federal and state claims (Doc. 30), but the parties do not address whether federal or state privilege law should apply. When state law does

apply, Rule 501 "does not tell us which state law the forum state should apply." *KL Grp. v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987). Commentators have suggested several methods of resolving this choice-of-law issue: (1) use the privilege law of the state whose substantive law provides the rule of decision; (2) apply the privilege law of the state in which the federal court sits; or (3) apply the choice-of-law doctrine of the state in which the federal court sits. *Id*. (citing 23 C. Wright & K. Graham, Jr., Federal Practice and Procedure § 5435, at 865-69 (1980); 2 Weinstein's Federal Evidence § 501[02] (1986)). The parties do not address this choice of law issue either.

Greyhound relies on an Arizona statute that defines the attorney-client privilege for corporations, A.R.S. § 12-2234. Doc. 60-1 at 1. Viad does object to the use of this statute, and does not cite contrary authority. *Id.* at 1-8. Because Greyhound is the party challenging Viad's assertion of the privilege, and Viad does not object to Greyhound's legal arguments, the Court will apply the Arizona statute and relevant cases.

The attorney-client privilege "is rigorously guarded to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *State v. Sucharew*, 66 P.3d 59, 64, ¶ 10 (Ariz. Ct. App. 2003) (citing *State v. Towery*, 920 P.2d 290, 299 n.6 (Ariz. 1996) (internal quotation marks omitted)). "The privilege belongs to the client and encompasses communication between the attorney and client made in the course of the attorney's professional employment." *Id.* (citing *State v. Holsinger*, 601 P.2d 1054, 1058 (Ariz. 1979)). A.R.S. § 12-2234 protects "any communication" that is either "[f]or the purpose of providing legal advice to the entity," or "[f]or the purpose of obtaining information in order to provide legal advice to the entity[.]" A.R.S. § 12-2234(B)(1), (2). The privilege protects communications. A.R.S. § 12-2234(B). "The burden of showing the relationship, the confidential character of the communication, and other necessary facts, is that of the party claiming the privilege." *State v. Sands*, 700 P.2d 1369, 1374 (Ariz. Ct. App. 1985) (citation omitted).

### B. Work-Product Doctrine.

Federal law governs application of the work product doctrine. *Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379, 382 (D. Ariz. 2010) (citing cases). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The party claiming work-product protection bears the burden of proof. *Conoco Inc. v. U.S.*, 687 F.2d 724, 728 (3d Cir. 1982).

## II. Analysis.

### A. Category 1: Reports Prepared by Dr. Kenneth Ries.

Greyhound challenges Viad's privilege assertion for certain monthly and quarterly reports prepared by Dr. Kenneth Ries for lawyers in Viad's law department. Doc. 60-1 at 1-2. Greyhound argues that the reports are not privileged because they are factual in nature, Dr. Ries did not seek legal advice, and Dr. Ries did not label the reports "attorney-client privileged." Greyhound also argues that Viad waived the privilege because its Rule 30(b)(6) witness did not know whether the reports were on the company's privilege log or which attorney specifically directed Dr. Ries to prepare the reports in prior years. *Id.*

Viad provides the following evidence related to the reports. Dr. Ries was a non-lawyer member of Viad's legal department from 1987 to 2001. Docs. 60-4 at 2, ¶ 4; 60-5 at 2, ¶ 6. After 2001, Dr. Ries served as a consultant to Viad's law department, providing the "functional equivalent" of his previous services, but "on a more limited basis." Doc. 60-4 at 2, ¶ 5. In this role, Dr. Ries "often provided monthly and quarterly reports and other information to Viad's General Counsel and others in Viad's law department." *Id.* at ¶ 4. These reports were always prepared at the direction of lawyers in Viad's law department so that the lawyers could monitor the company's environmental obligations and provide appropriate legal advice. Docs. 60-4 at 2, ¶¶ 4, 7; 60-5 at 2, ¶ 6.

Greyhound contends that the reports are not privileged because they are factual in nature. Doc. 60-1 at 1-2. To be protected, a communication must be made for the purpose of providing legal advice or for the purpose of obtaining information to provide legal advice. A.R.S. § 12-2234(B)(1), (2); *see also In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 2641, 2016 WL 3970338, at *7 (D. Ariz. July 25, 2016). The affidavits of Dr. Ries and one of Viad's in-house lawyers establish that the reports were prepared at the direction of lawyers in Viad's law department, to enable the lawyers to provide legal advice to the company. Docs. 60-4 at 2, ¶¶ 4, 7; 60-5 at 2, ¶ 6. This is reinforced by the reports themselves, which address a wide range of topics on which lawyers typically advise clients, including ongoing and threatened litigation, settlement discussions and offers, general legal exposure, and regulatory action. The fact that these reports contained factual information (Doc. 60-1 at 1), or documented Dr. Ries's monthly activities (*id.* (citing Doc. 54-10)), does not refute Viad's evidence that they were created to enable lawyers to provide legal advice. The reports thus fall squarely within A.R.S. § 12-2234(B)(2).

Greyhound argues that the reports are not privileged because Dr. Ries did not label them as privileged. Doc. 60-1 at 1. But some of the reports are labeled as privileged.[1] And even for those that are not, the Arizona statute does not require that communications be labeled to be privileged. The statute instead looks to the nature and content of the communication and protects those made "[f]or the purpose of obtaining information in order to provide legal advice." *See* A.R.S. § 12-2234(B)(2).

Greyhound also argues that Viad has waived the attorney-client privilege. A party waives the privilege when it discloses confidential communications to third parties, *Ulibarri v. Superior Court In & For Cty. of Coconino*, 909 P.2d 449, 452 (Ariz. Ct. App. 1995), or when it affirmatively places privileged communications at issue, *State Farm Mutual Automobile Insurance Co. v. Lee*, 13 P.3d 1169, 1175, ¶ 16 (Ariz. 2000)). Greyhound does not argue that either of these events occurred here.

---

[1] These include Documents 1 (6/6/2000) and 2 (5/7/2001).

- 4 -

1    Instead, Greyhound argues that Viad waived the privilege because attorney
2 Jonathan Massimino, while testifying as Viad's Rule 30(b)(6) witness, could not
3 determine whether certain items listed on Viad's privilege log were Dr. Ries's reports.
4 Doc. 54-9 at 1.  But Greyhound provides no legal or logical argument as to why this
5 testimony would constitute a waiver of the privilege.
6    Greyhound contends that Massimino gave inconsistent testimony on whether the
7 reports were prepared at the direction of Viad's counsel.  The Court does not agree.
8 Massimino testified that the Ries reports were prepared at the request of counsel,
9 although he was not able to identify the specific attorney who made the request before he
10 joined the legal department.  Doc. 60-8 at 3-4.  In his declaration – issued about a month
11 after his deposition – Massimino avowed that he had directed Dr. Ries to prepare the
12 reports while he was in the law department, and that records indicated that Dr. Ries had
13 always done so at the direction of Viad's lawyers.  Doc. 60-5 at 2, ¶ 6.  The Court does
14 not view these assertions as inconsistent with his deposition testimony.
15    The Court concludes that the quarterly and monthly reports prepared by Dr. Ries
16 are protected by the attorney-client privilege under A.R.S. § 12-2234(B).
17    **B.    Category 2: Annotated Documents.**
18    Greyhound challenges Viad's privilege assertion for documents containing
19 notations of unidentified individuals.  Doc. 60-1 at 3-4.  Greyhound does not dispute that
20 Viad has already produced unannotated versions of the documents.  *Id.*  Viad invoked the
21 attorney-client privilege for all three documents (Doc. 54-1 at 5, 7), and the work-product
22 doctrine only for document 4 (*id.* at 5).
23    Viad asserts that attorney authorship of the notations is established by the fact that
24 the documents were found in the law department's files.  Doc. 60-5 at 2, ¶ 7.  It explains
25 that it cannot identify specific authors because Viad employed up to 35 attorneys at one
26 time.  *Id.*  But even if these facts could be used to show that lawyers made the notations,
27 Viad has failed to provide any evidence that the notations were ever communicated to
28 anyone.  Arizona's corporate attorney-client privilege protects "communication[s]."

A.R.S. § 12-2234(B).  Viad has made no effort to show that the notations were prepared in anticipation of litigation.

Viad has not carried its burden of establishing that the attorney-client privilege or the work-product doctrine protects the annotated documents from disclosure.  The Court therefore concludes that the documents in category 2 are not protected from disclosure.

**C.   Category 3: Dr. Ries's Memoranda to the File or to No One.**

This category includes memoranda written by Dr. Ries, but addressed to "file" or to no one at all.  Doc. 60-1 at 4-5.  Greyhound contends that Dr. Ries sent memoranda to the file for the sole purpose of documenting facts, and that Viad cannot prove the memoranda were communications.  *Id.*

Dr. Ries testified that he sometimes wrote a "memorandum to file" for the sole purpose of documenting information.  Doc. 54-4 at 2-3.  But Dr. Ries prepared the three documents submitted for *in camera* review at the direction of Viad's counsel to enable them to provide the company with legal advice, and he designated each document as attorney-client privileged.  Docs. 60-4 at 2, ¶ 8; 60-5 at 2-3, ¶ 8.  The documents were found in the law department's files.  Doc. 60-5 at 2-3, ¶ 8.

Greyhound argues that Dr. Ries's testimony that he sometimes prepared a "memorandum to file" for the sole purpose of documenting information proves that these documents are not privileged.  Doc. 60-1 at 4-5.  The Court does not agree.  One of the three documents reviewed by the Court was addressed to "Files: TLC – General."  The other two were labeled "Estimated Future Environmental Liabilities."  All three are labeled as privileged.  Dr. Ries's testimony about his practice of writing unrelated memoranda to file does not refute his sworn declaration about the documents submitted for *in camera* review.  Dr. Ries stated that these documents were prepared at the direction of lawyers in Viad's law department, and Massimino stated that Viad lawyers rely on these materials to advise the company.  These facts support application of the privilege.

Greyhound also asserts that Viad has not provided proof that these documents were ever communicated.  The Court does not agree.  The declarations of Dr. Ries and

Mr. Massimino, and the location of the documents in the law department's files, provides sufficient circumstantial evidence that the memoranda were communications of information needed to render legal advice.

The Court concludes that the three documents reviewed *in camera* are protected by the attorney-client privilege.

### D. Category 4: Dr. Ries's Charts Without a Recipient.

Greyhound challenges Viad's privilege claim for certain charts prepared by Dr. Ries. Doc. 60-1 at 5-6. Viad provides the following evidence. Dr. Ries prepared or assisted in preparing these charts at the direction of Viad's counsel, who used them to "monitor and advise the company as to environmental liabilities and obligations." Doc. 60-4 at 3, ¶ 9; *see also* 54-5 at 1. Viad continues to prepare such documents today at the request of Viad's general counsel to assist the law department in monitoring and advising the company on environmental liabilities. Doc. 60-5 at 3, ¶ 9. The charts submitted for *in camera* review contain the phrase "Confidential – Attorney-Client Privilege."

Greyhound asserts that Viad has failed to establish that the charts were communicated to anyone. Doc. 60-1 at 5-6. Greyhound notes that Viad's privilege log supports this assertion because the "To" and "CC" columns are designated as "N/A," or not applicable. Doc. 54-1 at 6-7. But Viad has presented evidence that the charts were created at the request of counsel and to assist counsel in advising the company, and this purpose necessarily includes communication of the charts to counsel. What is more, one of the charts contains a note that states "update & copy to DJD." Doc. 60-1 at 6. Viad has submitted evidence that "DJD" are the initials of Viad's general counsel. Doc. 60-5 at 3, ¶ 9. This further supports Viad's assertion that the charts are shared with counsel.

The Court concludes that Viad has carried its burden of establishing that the charts are communications within the scope of Arizona's corporate attorney-client privilege.

### E. Category 5: Memoranda Prepared by Daryl Hagg.

Greyhound challenges Viad's privilege assertion for memoranda prepared by Daryl Hagg. Doc. 60-1 at 6-7. Hagg was an assistant to Viad's general counsel and

- 7 -

others in Viad's law department, and prepared memoranda addressing reimbursement figures from various sites. Doc. 60-4 at 3, ¶ 10.

The Court has reviewed these documents, and no legal advice is communicated in them. Nor has Viad provided any evidence that the information contained in them was obtained for purposes of providing legal advice. Viad has failed to meet its burden. *See Sands*, 700 P.2d at 1374.

Viad asserts work-product protection for document 15. *See* Doc. 54-1 at 9. This document appears to be a draft, but Viad makes no attempt to show that the document was prepared in anticipation of litigation. Doc. 60-1 at 6-7.

The Court concludes that the memoranda in category 5 are not protected by the attorney-client privilege or the work-product doctrine.

**F.    Category 6: Memoranda Prepared by Dr. Kenneth Ries.**

Dr. Ries prepared two memoranda addressing invoices and reimbursement. Both are labeled "attorney/client communication" and were sent to lawyers. Doc. 60-4, ¶ 11.[2]

Greyhound argues that the memoranda do not seek legal advice and merely convey facts. Doc. 60-1 at 7. But the memoranda are not limited to transmitting invoice information for payment. They contain other information that would assist a lawyer in providing legal advice concerning the company's legal liability. The Court concludes that the memoranda in category 6 are protected by the attorney-client privilege.

**IT IS ORDERED:**

1.    Plaintiff Greyhound Lines Inc.'s motion to compel (Doc. 54) is **granted in part** and **denied in part** as set forth above.

---

[2] Viad states that document 18 is not relevant because it "references a dispute over a property not at issue in this case." Doc. 60-1 at 7. Greyhound argues that it was prejudiced by this late disclosure because Greyhound would have selected another document from Viad's privilege log for *in camera* review. *Id.* at 7-8. The Court is not persuaded. The two documents submitted for review are sufficiently representative to allow the Court to determine whether this category of documents is privileged.

2.  Defendant Viad Corporation shall produce the documents in categories 2 and 5 to Greyhound by September 12, 2016.

Dated this 8th day of September, 2016.

_____
David G. Campbell
United States District Judge