**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Greyhound Lines Incorporated,

           Plaintiff,

v.

Viad Corporation,

           Defendant.

No. CV-15-01820-PHX-DGC

**AMENDED ORDER**

Plaintiff Greyhound Lines Incorporated ("Greyhound") moves to exclude all or parts of the expert testimony of Thomas J. Schruben, an expert witness for Defendant Viad Corporation ("Viad").  Doc. 85.  The Court has reviewed the parties' briefing and concludes that oral argument will not aid the Court's decision.  The request for oral argument is therefore denied.  Fed. R. Civ. P. 78(b).  The Court will address each of Greyhound's arguments.

    **1.**    **Undisclosed Documents.**

Greyhound argues that Schruben failed to disclose all of the documents he "considered" in developing his expert opinions as required by Rule 26(a)(2)(B)(ii).  Specifically, one entry in Schruben's expert report noted that he "had access to" documents produced in this litigation, but failed to state which documents and whether he had considered or relied on them.  Greyhound complains that it devoted significant time trying to identify these documents in Schruben's deposition, without success, and that its

1   inability to identify these documents will hamper its ability to cross-examine Schruben at

2   trial.    Viad responds that Schruben's 57-page report cites more than 700 specific

3   documents he relied on in forming his opinions.

4         The Court will not exclude Schruben's testimony on this basis.  Schruben will not

5   be permitted to rely on any document during his trial testimony that he did not identify in

6   his report or in response to deposition questions.  As his testimony will likely be only as

7   reliable as the evidence upon which it is based, this limitation adequately protects

8   Greyhound against unfair prejudice or surprise at trial and prevents Schruben from

9   attempting to bolster the credibility of his opinions by citing documents he did not

10  disclose.

11        **2.     Failure to Disclose ACRM.**

12        Greyhound states that Schruben's report simply identified his work for the last ten

13  years as an "environmental consultant," and failed to disclose that most of his work was

14  performed for ACRM, a company that assists underground storage tank fund managers.

15  Greyhound argues that it was required to spend an inordinate amount of time pursuing

16  this information in Schruben's deposition and could have prepared for a more effective

17  deposition if the information had been disclosed in his report.  Viad responds that

18  Schruben's report and resume did disclose that he consults for state fund managers, and

19  notes that Greyhound never expressed concern – to Viad or the Court – about the amount

20  of time it had to depose Schruben.

21        The Court will not exclude Schruben's testimony on this basis.  The information

22  was disclosed during Schruben's deposition, is now known to Greyhound, and can be

23  used in preparing for Schruben's testimony at trial.  Indeed, Greyhound's argument on

24  this point appears to be something of a rehearsal for that cross-examination.

25        **3.     Schruben's Alleged Legal Opinions.**

26        Greyhound cites the following heading from Schruben's opinion: "Environmental

27  Obligations Arising From UST Leaks Of Which Viad Was Notified Before March 2,

28  1992."  Doc. 96 at 7.  From his heading alone, Greyhound concludes that Schruben is

offering improper legal opinions on the meaning of "Notice" and "Environmental Obligations" in this case.  Doc. 85 at 11-12.  Viad makes clear in its response, however, that Schruben offers no opinions on the legal interpretation of these terms.  Doc. 93 at 11.  Viad agrees that the Court will resolve the meaning of these terms.  *Id.* at 10.  No further ruling is required.

### 4.  Line Leak Detector at the Jacksonville Property.

The parties disagree on the nature of Schruben's opinion.  Greyhound claims that it is based on the fact that a line leak detector was removed at the Jacksonville property, when in fact none was ever in place.  Viad argues that Schruben's opinion is based on the absence of a detector, whether removed or absent from the outset, as well as other facts, such as failure of a tightness test.

This factual disagreement does not require exclusion of any Schruben opinion in this bench trial.  The Court will be able to resolve this issue on the evidence presented at trial, and to assess the credibility of Schruben's testimony based on Greyhound's claim of a factual error.  *See KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 43 F. Supp. 3d 965, 985 (D. Ariz. 2014).

### 5.  Alleged Defects in Opinions.

Greyhound notes that Schruben failed to explain the presence of some contamination at the Seattle property, failed to consider possible sources of gasoline contamination at the Portland property, and failed to consider alternative sources of contamination at the Miami property.  Viad responds that Schruben's opinions are limited to whether the contamination for which Greyhound seeks cleanup costs relates to tank leaks of which Viad had notice before March 1, 1992 – Schruben's purpose is not to pinpoint the source of all contamination.

The Court will not exclude Schruben's testimony on this basis.  The parties again have differing views about the import of his testimony, and Greyhound will be fully capable of presenting its view and exposing weaknesses in Schruben's testimony at trial.  As the Supreme Court has noted, "[v]igorous cross-examination, presentation of contrary

evidence, and careful [attention to] the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).  This is particularly true in light of the fact that this will be a bench trial.  *See KnightBrook*, 43 F. Supp. 3d at 985.

**IT IS ORDERED** that Greyhound's motion to exclude (Doc. 85) is **denied**.

Dated this 7th day of November, 2016.

_____
David G. Campbell
United States District Judge